# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **ADRIAN CARLYLE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION FILE NO.** |
| | ) |
| **BUCKHEAD COLLISION, INC.** | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |
| | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Adrian Carlyle ("Carlyle" or "Plaintiff"), by and through the undersigned counsel of record, and files this lawsuit against Defendant Buckhead Collision, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated minimum and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant.

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4) and 29 U.S.C. § 216(b).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 1900 Piedmont Cir NE, Atlanta, GA 30324-4821.

5.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. PARTIES

6.

Plaintiff is now, and at all times relevant hereto, was a resident of the State of Georgia.

7.

Defendant provides automobile painting, cosmetic repair, and fixtures installation to its customers.

8.

Defendant can be served with process through its Registered Agent, Mr. Syed Noman Rashid, 1900 Piedmont Cir. NE, Atlanta, Georgia 30324.

9.

Plaintiff currently works for Defendant, and has been under its employ since approximately November 5, 2008.

10.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

11.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

12.

Defendant employed the named Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. FACTS

17.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

18.

Plaintiff was originally hired by Defendant to work as a facilities maintenance support personnel, where he was primarily responsible for maintaining shop cleanliness.

19.

Over time, Plaintiff's duties expanded to include automobile cosmetic repair and maintenance, which led into his current position as an Auto Paint Refinisher.

20.

Plaintiff's typical work day consisted of following a Production Sheet, which enumerated his daily tasks.

21.

Plaintiff's general tasks included automobile scratch and dent repair, waxing, buffing, and light cleaning around the work area.

22.

Plaintiff worked a minimum of fifty (50) to sixty (60) hours per week during his employment with Defendant.

23.

During his employment, Plaintiff was paid on an hourly basis which began at a rate of $9.00 per hour, with periodic one-dollar-per-hour increases over the course of his employment, leading up to his current wage of $16.00 per hour.

24.

Plaintiff was never provided compensation for the hours he worked over forty (40) per week.

25.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

26.

In fact, Plaintiff regularly worked in excess of ten (10) hours of overtime each week of his employment, often up to fourteen (14) hours per week, and was not compensated for any of the overtime worked.

27.

Specifically, Plaintiff was scheduled for regular shifts totaling forty (40) hours in a given week, but was routinely required to stay and perform work exceeding his scheduled hours.

28.

When Plaintiff inquired as to the status of his overtime wages, Defendant's response was "we can't afford it."

29.

In lieu of paying Plaintiff overtime wages, and in an effort to minimize potential overtime hours, Defendant instead mandated him to take extended lunches and/or breaks.

30.

Plaintiff's paystubs reflect overtime hours worked and Defendant's failure to remunerate the appropriate federally mandated overtime wages as required by FLSA § 6, 29 U.S.C. § 206.

31.

Plaintiff attempted to work with his employer to resolve these issues, but his efforts were ultimately left unaddressed; this action follows.

## V. CLAIMS FOR RELIEF

### COUNT ONE

**VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT**

32.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

33.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

34.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

35.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

36.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

37.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

38.

Defendant's conduct was willful and in bad faith.

39.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees,

reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant leave to add additional state and federal law claims if necessary; and,

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 11th day of July, 2016.

THE MOLDEN LAW FIRM, LLC

/s/Regina S. Molden
_____
Regina S. Molden-Clowney
Georgia Bar. No. 515454
Peachtree Center – Harris Tower
233 Peachtree St., N.E.
Suite 1245
Atlanta, GA 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: RMolden@moldenlaw.com
Regina S. Molden, Esq.
Attorney for Plaintiff